IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) NIKITA L. FRIDAY,<br>(2) CHRISTOPHER L. FIRDAY Jr.,<br>and (3) NIKITA and CHRISTOPHER<br>FRIDAY on behalf of their minor<br>children KF, a minor child, and<br>(4) NF, a minor child,<br><br>           Plaintiffs,<br><br>vs.<br><br>(1) RANI TRANSPORTATION INC.<br>and (2) SADHU SINGH SEKHON,<br><br>           Defendants. | Case No. CIV-20-14-D |

## ORDER APPROVING SETTLEMENT

On this 25th day of November, 2020, this matter comes on for determination by the Court as to the reasonableness and approval of a settlement agreement between Plaintiffs, Nikita L. Friday and Christopher L. Friday, Jr., as next friend of their minor children, K.F. and N.F., and Defendants, Rani Transportation Inc. and Sadhu Singh Sekhon ("the Parties").

The Parties seek the Court's approval of the settlement agreement as to the claims of K.F. and N.F., minor children. They further request that the Court approve the dismissal with prejudice of the minor children's claims against Defendants. The Court, after reviewing the stipulations included in the Parties' Joint Application, hearing sworn testimony, and being fully advised in the premises, finds as follows:

1.     Plaintiffs Nikita L. Friday and Christopher L. Friday, Jr. are the biological mother and father of K.F. and N.F., minor children, and are responsible for the medical

1

expenses incurred on behalf of said minor children.

2. Plaintiffs Nikita L. Friday and Christopher L. Friday have sole legal custody of K.F. and N.F. who reside with them.

3. This action arises out of an alleged incident that occurred on or about July 18, 2019, in Oklahoma County, Oklahoma.

4. As a result of the alleged incident, K.F. and N.F., allegedly sustained certain bodily injuries, and their mother and father incurred certain medical expenses and other related expenses on behalf of the minor children.

5. It is alleged that Plaintiffs sustained these injuries and damages as a direct and proximate result of the alleged negligence of Defendants.

6. The Plaintiffs have entered into a settlement agreement with Defendants as to the claims of the minor children, K.F. and N.F. Defendants will pay the minor children as follows:

    a. $9,100.00 to settle the claims of K.F.; and

    b. $9,750.00 to settle the claims of N.F.

These payments are intended to settle all claims of the minor children, K.F. and N.F., regarding this action.

7. In exchange for this payment, Plaintiffs have agreed to forever release and discharge Defendants and their insurance carrier, Superior Risk Management, Inc., together with their agents, servants, employees, principals, predecessors, successors, heirs, assigns, administrators, trustees, executors, representatives, attorneys, subsidiaries, affiliates, and holding or parent companies (hereinafter collectively and individually referred to as "the

parties released"), from any and all claims arising out of said incident on behalf of said minor children.

      8.      The Parties have entered into a settlement agreement and written releases.

      9.      It is specifically understood between the Parties that the payments, in the amounts of $9,100.00 and $9,750.00, are not an admission of liability on the part of Defendants, the parties released, or on the part of their insurance carrier, Superior Risk Management, Inc., but that they are merely paid in compromise of a disputed claim to avoid further litigation.

      10.      It is stipulated and agreed that there is a dispute concerning liability of this claim and that defenses would be asserted in any further litigation. A litigated claim could result in substantial attorney fees and costs that could otherwise be utilized for the benefit of the minor children. The parties agree that settlement is in the best interests of the minor children.

      11.      The terms of the settlement agreement are as follows:

           a.      The Parties waive their right to a jury trial and an adversarial trial by this Court.

           b.      The total medical liens resulting from the treatment of the minor children amount to $2,620.00 for K.F. and $3,391.50 for N.F.

           c.      Without admitting liability, Defendants will pay Plaintiffs the total sum of $9,100.00 for all of K.F.'s claims arising out of the subject incident.

           d.      Without admitting liability, Defendants will pay Plaintiffs the total sum of $9,750.00 for all of N.F.'s claims arising out of the subject incident.

    e. The sums enumerated for each minor child shall be placed in trust for the benefit of the minor children not to be withdrawn without an order of the Court or until the minor children reach the age of majority as proscribed by Oklahoma law.

    f. By virtue of entering into this agreement, the Plaintiffs, Nikita L. Friday and Christopher L. Friday, Jr., as well as K.F. and N.F., will be forever precluded from asserting any other claims against Defendants or the parties released arising from or relating to the alleged incident.

    g. Plaintiffs are solely responsible for their fees and expenses incurred in the litigation and the payment of those fees and expenses.

    h. The settlement has been fully and freely entered into by Plaintiffs with a full understanding of the consequences. This settlement, on behalf of the minor children, is fair, equitable, and in the best interests of the minor children.

  12. The Court finds this settlement agreement should be approved as to the minor children K.F. and N.F., and the case as to said minor children be dismissed with prejudice in accordance with the petition and the evidence presented to the Court at the friendly suit hearing.

  13. From the Settlement Funds of $9,100.00 for K.F., the Court authorizes the following distributions:

  a. $2,100.00 to be paid to medical providers of K.F.;

  b. $2,417.13 to be paid to attorney Timothy Hummel for attorney fees and litigation costs; and

  c. $4,582.97 to be placed in an account or investment that is federally insured for

4

the benefit of K.F.

14. From the Settlement Funds of $9,750.00 for N.F., the Court authorizes the following distributions:

a. $3,375.60 to be paid to medical providers of N.F.;

b. $2,606.76 to be paid to attorney Timothy Hummel for attorney fees and litigation costs; and

c. $3,767.64 to be placed in an account or investment that is federally insured for the benefit of N.F.

**IT IS THEREFORE ORDERED** that Defendants shall pay Plaintiffs the total sum of $9,100.00 for the benefit of K.F. and the total sum of $9,750.00 for the benefit of N.F. The sums, payable for the use and benefit of the minor children, shall be placed in federally insured accounts not to be withdrawn without a Court order or by the minor children until they have reached the age of majority.

**IT IS FURTHER ORDERED** that Plaintiffs shall deliver a certified copy of this Order to the financial entity administering such accounts at the time the deposit is made and shall obtain executed receipts of deposit from the above-named entity and file such receipts with the Clerk of Court within thirty (30) days of this Order. Plaintiffs shall forward certified copies of the receipts to counsel for Defendants.

**IT IS FURTHER ORDERED** that upon the showing of proper identification at the time of reaching majority, the designated officer of the financial institution holding such funds may disburse the remaining funds to K.F. and N.F. subject to the provisions of this Order.

**IT IS FURTHER ORDERED** that the Amended Joint Motion to Settle the Claims

of Minor Children [Doc. No. 18] is GRANTED. The Court approves the terms of settlement as set forth herein. Plaintiffs' claims as to N.F., a minor child, and K.F., a minor child, against Defendants are DISMISSED with prejudice to refiling.

**IT IS SO ORDERED** this 25th day of November, 2020.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge